## MERCANTILE SAFE-DEPOSIT CO. v. PARKER.

(City Court of New York, General Term.   November, 1899.)

APPEAL—FAILURE TO PRESENT EXCEPTIONS.
   Where the record presents no exceptions to a ruling below, the question cannot be considered.

Appeal from trial term.

Action by the Mercantile Safe-Deposit Company against James Parker. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before CONLAN and McCARTHY, JJ.

John A. Carney, for appellant.

Alexander A. Green, for respondent.

CONLAN, J. Appeal from a judgment in favor of the plaintiff, directed by the court, and from an order denying a motion for a new trial. The record presents no exceptions to the ruling of the court below which we are asked to review, and we are therefore without authority to consider the question on appeal, and do not, for that reason, discuss the question at any further length.

Judgment and order appealed from affirmed, with costs.

McCARTHY, J., concurs.

---

## SQUILANTI v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.   November 16, 1899.)

APPEAL AND ERROR—VERDICT.
   A verdict awarding plaintiff $100 for personal injuries will not be interfered with on appeal by defendant, where the charge of the trial judge included all of defendant's requests, the evidence was conflicting, and defendant's witnesses not in harmony, and where the amount awarded is not urged as excessive.

Appeal from special term.

Action by Pasquale Squilanti, an infant, by Nunzio Squilanti, his guardian ad litem, against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Henry A. Robinson, for appellant.

M. P. O'Connor, for respondent.

CONLAN, J. This is an appeal from a judgment in favor of the plaintiff after a trial before a jury, and from an order denying the defendant's motion for a new trial. The action is brought to recover for personal injuries as the result of an accident on the 16th day of August, 1898, caused by a collision between a wagon, in which the plaintiff was at the time riding, with one of the cars of the defendant company on 2d avenue, near 111th street, New York City. It

appeared upon the trial that the plaintiff's father was driving a single horse and wagon down the west side of 2d avenue, between 112th and 111th streets, and that when nearing the corner of the street he saw a brewery wagon standing in front of a liquor store on the corner of 111th street, from which barrels were being unloaded to the sidewalk, and that for the purpose of passing by this brewery wagon he turned in upon the down-town track of the railroad, and while in this position was struck by a moving car, and both the boy and his father were thrown from the wagon to the ground, and that the plaintiff thereby received the injuries complained of. It is claimed by the defendant that these injuries, whatever they were, were the result of the plaintiff's own negligence, and that the defendant was free from fault. The questions of negligence of the defendant and of the contributory negligence of the plaintiff were both submitted to the jury, in a charge which was eminently fair to the defendant, and concededly so, because the trial judge charged each and all of the defendant's requests, and no exception was taken to the charge as a whole, or to any part of it. There was a conflict of evidence as to how the accident occurred, and the record before us shows that the defendant's witnesses were not altogether in harmony one with the other upon that branch of the case. It is not urged by the defendant upon its appeal that the damages awarded are excessive. The verdict was for $100 only. The jury having had the whole case fairly submitted to them, and having arrived at their conclusion thereon, we are not disposed to interfere with their determination. It was exclusively their province to say which was the true version, and we do not think they have unwisely determined the same, from an examination of the record before us on this appeal.

The judgment and order appealed from must be affirmed, with costs.

FITZSIMONS, C. J., concurs.